**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1527-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RONALD J. KRIER,

     Defendant-Appellant.

_____

Argued June 4, 2025 – Decided June 27, 2025

Before Judges Rose and Puglisi.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 22-09-1386.

Patricia Colligan, Designated Counsel, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Patricia Colligan, on the briefs).

Alexandra E. Harrigan, Assistant Prosecutor, argued the cause for respondent (Raymond S. Santiago, Monmouth County Prosecutor, attorney; Alexandra E. Harrigan, of counsel and on the brief).

PER CURIAM

By leave granted, defendant Ronald J. Krier appeals from a December 19, 2024 Law Division order denying his motion to dismiss count one of a two-count Monmouth County indictment on jurisdictional grounds.[1] In count one, the State alleges defendant committed third-degree endangering the welfare of a child (EWC), N.J.S.A. 2C:24-4(a)(1), by sending sexually explicit social media communications to A.C.,[2] a seventeen-year-old resident of Howell, New Jersey.

On appeal, defendant reprises the following contentions for our consideration:

POINT I

THE TRIAL COURT ERRED IN DENYING DEFENDANT[]'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT FOR LACK OF TERRITORIAL JURISDICTION.

A. The trial court erred in finding defendant[]'s reliance on State v. Ferguson[, 238 N.J. 78 (2019)] to be misplaced.

B. The trial court erred in finding defendant[]'s reliance on [the exception to jurisdiction set forth in] N.J.S.A. 2C:1-3(b) to be misplaced.

---

[1] Defendant did not move to dismiss the second count of the indictment, charging him with third-degree obscenity, N.J.S.A. 2C:34-3(b)(1).

[2] Consistent with the indictment, we use initials to protect the privacy of the alleged victim. See R. 1:38-3(c)(9); see also N.J.S.A. 2A:82-46.

A-1527-24

Unpersuaded, we affirm.

I.

The facts underpinning defendant's charges are straightforward, accurately set forth in the motion judge's written decision, and for purposes of this appeal, undisputed. We summarize the pertinent facts from the testimony adduced at the grand jury hearing through the State's sole witness, Detective Nicholas Saltzman of the Howell Township Police Department (HTPD).

On December 8, 2021, A.C., in the presence of her parents, reported to the HTPD she received "sexual messages along with a short video of a man laying on a bed naked [and] masturbating." The messages were sent through Facebook messenger from a profile with the username "Ron Krier."

A police database search revealed Ron Krier was a forty-seven-year-old male who resided in Morrisville, Pennsylvania. Police matched the photograph of Ron Krier from the database to the Facebook profile picture. Later in the investigation, law enforcement subpoenaed records from defendant's internet provider and confirmed the messages emanated from defendant's Facebook account.

Police reviewed the messages on A.C.'s phone, including a conversation initiated by defendant on November 22, 2021, asking if A.C. was a "naughty

girl." A.C. told defendant she was under the age of eighteen; defendant responded, "[h]ow under?" A.C. said she was "young enough that [she would] bring these messages to the Morrisville Police." Defendant asked whether A.C. was in Morrisville. A.C. responded, "[n]o, I lived there for three years." Defendant later asked A.C., "Where do you live now?" A.C. did not respond.

Defendant sent A.C. a photograph of her on a bike when she was thirteen years old, apparently taken from her Instagram account. Defendant asked whether A.C. had cycled around Morrisville and whether her mother worked at the Dollar Tree. A.C. confirmed she lived in Morrisville when she was younger and her mother had been so employed. A.C. told police she and her family "moved back to New Jersey in 2019" and were living there at the time of the incidents.

Immediately following argument on defendant's ensuing motion to dismiss count one of the indictment, the judge issued an oral decision denying his application. After we granted defendant's motion for leave to appeal, the judge issued a written statement of reasons, largely similar to her oral decision.[3]

---

[3] Defendant included the judge's written decision in his appellate appendix; the judge did not issue an amplification statement pursuant to Rule 2:5-1(d).

The judge squarely addressed the issues raised in view of the principles governing the sufficiency of an indictment and territorial jurisdiction. Emphasizing the second prong of N.J.S.A. 2C:1-3(a)(1), the judge recognized territorial jurisdiction is properly laid when "[e]ither the conduct which is an element of the offense <u>or the result which is such an element occurs within this</u> <u>[s]tate</u>." The judge therefore rejected defendant's argument that no evidence was presented to the grand jury showing "he engaged in any conduct within New Jersey that constitutes an element of the [EWC] offense." Citing the grand jury transcript, the judge recognized, "[d]efendant is alleged to have impaired or debauched the morals of the victim when [he] sent videos of himself naked and masturbating . . . . Although . . . [d]efendant was in Pennsylvania at the time of the offense, the victim was in New Jersey."

Next, the judge addressed defendant's claim that the exception to territorial jurisdiction set forth in N.J.S.A. 2C:1-3(b) "applies because his out of state conduct was designed or likely to occur only in Pennsylvania where such conduct would not constitute an[] offense." In doing so, the judge rejected defendant's reliance on our Supreme Court's decision in <u>Ferguson</u>, where the Court held this state "lacked territorial jurisdiction because the conduct charged

was not an offense in the state where the result of the conduct occurred."  The

judge reasoned:

> Contrary to <u>Ferguson</u>[,] where the conduct and the result were both out of state and did not occur in New Jersey, the . . . result of [defendant's] conduct occurred in New Jersey.  Further, the State presented evidence to the [g]rand [j]ury that the victim was harmed in New Jersey by showing that the victim lived in Howell . . . at the time she received explicit videos of . . . [d]efendant from . . . [d]efendant.

Citing our decision in <u>State v. Tringali</u>, 451 N.J. Super. 18, 28 (App. Div. 2017),

the motion judge was satisfied the State clearly demonstrated "a direct nexus

between the offense and New Jesey when it established . . . [d]efendant sent

sexually explicit messages to a minor who lived in Howell."

Further, assuming arguendo the exception applied, the motion judge found

unavailing "[d]efendant's argument that he only intended for his actions to occur

in Pennsylvania."  The judge elaborated:

> The utilization of the internet by individuals provides extensive reach and exposure to others all over the world. . . .  Defendant used an online social media platform to send sexually explicit messages to a minor victim who used to reside near him.  [As a m]atter of fact, as indicated by . . . [d]efendant['s] asking the victim if she was the girl on the bike and asking where she currently lived, . . . [d]efendant did not know where the victim resided. . . .  Accordingly, . . . [d]efendant had no concrete idea where the victim was present and

A-1527-24

was contacting the victim over the internet where she could be anywhere.

## II.

Seminal principles guide our review. An appellate court reviews a trial court's decision on a motion to dismiss an indictment for abuse of discretion. See State v. Saavedra, 222 N.J. 39, 55 (2015). However, a trial judge's legal interpretations are subject to de novo review. State v. Grate, 220 N.J. 317, 329 (2015). We therefore conduct a de novo review of issues concerning statutory construction, including the meaning of a statute's terms. See State v. Olivero, 221 N.J. 632, 638 (2015).

"At the grand jury stage, the State is not required to present enough evidence to sustain a conviction." State v. Feliciano, 224 N.J. 351, 380 (2016). "As long as the State presents 'some evidence establishing each element of the crime to make out a prima facie case,' a trial court should not dismiss an indictment." Ibid. (quoting Saavedra, 222 N.J. at 57).

The "first principle of any criminal prosecution is that a State must have territorial jurisdiction to enforce the authority of its laws." State v. Denofa, 187 N.J. 24, 36 (2006). The court must therefore "consider whether there was some evidence presented to the grand jury establishing that New Jersey has territorial jurisdiction over the crime charged in the indictment." State v. Aloi, 458 N.J.

7

Super. 234, 239 (App. Div. 2019). Courts broadly interpret the territorial jurisdiction statute "to apply 'to offenses committed partly outside of the State.'" Ibid. (quoting State v. Sumulikoski, 221 N.J. 93, 102 (2015)). There must be a "direct nexus" between the criminal offense and this State in order to establish jurisdiction. See Sumulikoski, 221 N.J. at 102.

As the motion judge recognized, pursuant to N.J.S.A. 2C:1-3(a)(1), "a person may be convicted under the law of this State of an offense committed by his own conduct . . . if . . . [e]ither the conduct which is an element of the offense or the result which is such an element occurs within this State." An "element of the offense" is contained within the "description of the forbidden conduct in the definition of the offense." N.J.S.A. 2C:1-14(h)(3)(a). Further, "[w]hen the result which is an element of an offense consists of inflicting a harm upon a resident of this State or depriving a resident of this State of a benefit, the result occurs within this State, even if the conduct occurs wholly outside this State." N.J.S.A. 2C:1-3(g). Therefore, "if a defendant's conduct or the result of his conduct are elements of the crime charged and if either the conduct or result occurred in New Jersey, the crime is prosecutable in this State, unless one of the exceptions to territorial jurisdiction delineated in N.J.S.A. 2C:1-3 applies." Ferguson, 238 N.J. at 94.

A-1527-24

In Tringali, we upheld an indictment against a Florida defendant for cyberattacks that harmed a New Jersey company. 451 N.J. Super. at 22. The defendant moved to dismiss the indictment for lack of jurisdiction, arguing his conduct occurred in Florida and the purpose of the cyberattack was to target a computer server in Utah. Id. at 25-26. Although the defendant and the server were located out of state, we found a "direct nexus" between the defendant's conduct and the resulting harm caused to the New Jersey company. Id. at 30. We noted "one of the intended and actual end results of the conduct" was to harm the New Jersey victim's internet service. Id. at 29.

Similarly, in Aloi, we concluded territorial jurisdiction was established over a Maryland defendant who attempted to extort property from a New York resident by contacting the victim's attorney in New Jersey. 458 N.J. Super. at 236-37. We noted all communications between the defendant and the attorney occurred while the attorney was present in New Jersey. Id. at 237. We held the "defendant's alleged attempted extortion was complete upon his delivery of his threats to the attorney in New Jersey," as this conduct constituted the "purposely threatening" element of the crime of attempted theft by extortion, N.J.S.A. 2C:20-5. Id. at 241-42. We therefore concluded sufficient evidence was

9

presented to demonstrate the Maryland defendant "engaged in conduct constituting an element of the crime charged in New Jersey." Id. at 242-43.

In the present matter, the State presented sufficient evidence to the grand jury that, although defendant's conduct occurred in Pennsylvania when he allegedly sent sexually explicit communications via Facebook messenger to A.C., the resulting harm occurred in New Jersey because those messages were received by a minor in this state. The State thus presented prima facie evidence that defendant "knowingly engaged in sexual conduct with [A.C.] which would impair or debauch the morals of a child" in New Jersey. See Model Jury Charges (Criminal), "Endangering the Welfare of a Child, Sexual Conduct (Third Degree) (N.J.S.A. 2C:24-4(a)(1))" (rev. Apr. 7, 2014). Similar to the circumstances presented in Tringali, there exists a "direct nexus" between defendant's conduct and the harm caused to A.C., a New Jersey resident. See 451 N.J. Super. at 30.

We further conclude, as did the motion judge, defendant failed to satisfy the exception to territorial jurisdiction under N.J.S.A. 2C:1-3(b), which provides N.J.S.A. 2C:1-3(a)(1):

> does not apply when either causing a specified result or a purpose to cause or danger of causing such a result is an element of an offense and the result occurs or is designed or likely to occur only in another jurisdiction

10

> where the conduct charged would not constitute an
> offense, unless a legislative purpose plainly appears to
> declare the conduct criminal regardless of the place of
> the result.
>
> [(Emphasis added).]

The Legislature enacted this exception "to combat 'the danger of injustice [that arises] in situations where the conduct occurs in one jurisdiction, the result in another, and the . . . result is lawful in one and criminal in the other.'" Ferguson, 238 N.J. at 97 (alterations in original) (quoting Model Penal Code and Commentaries, cmt. 3 on § 1.03 at 43). "When [the] result [prohibited in the forum state] is caused . . . in another jurisdiction that does not share the policy of seeking its prevention, generally the interests of the state where the conduct takes place are not significant enough to warrant application of its penal law." Id. at 96-97 (alterations in original) (quoting Model Penal Code and Commentaries, cmt. 3 on § 1.03 at 44).

Defendant maintains even if the resulting harm occurred in New Jersey, the jurisdictional exception under N.J.S.A. 2C:1-3(b) applies because the result of his conduct was "designed or likely to occur" only in Pennsylvania. He argues the evidence presented to the grand jury established he believed the victim was a Pennsylvania resident and the State presented no evidence to show he knew the victim resided in New Jersey. Defendant further argues the exception in

11

N.J.S.A. 2C:1-3(b) applies because Pennsylvania lacks a comparable endangering statute and N.J.S.A. 2C:1-3(g) does not nullify the exception under N.J.S.A. 2C:1-3(b).

We have considered defendant's contentions in view of the governing law and conclude they lack sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), beyond the comments that follow. We affirm substantially for the reasons set forth by the motion judge in her well-reasoned decision.

Pursuant to N.J.S.A. 2C:1-3(b), N.J.S.A. 2C:1-3(a)(1) does not apply when "the result occurs or is designed or likely to occur only in another jurisdiction where the conduct charged would not constitute an offense." (Emphasis added). Based on the plain reading of the statute, the exception is not applicable in cases such as this one where the result occurred in this jurisdiction. See State v. Lane, 251 N.J. 84, 94 (2022) (explaining statutes are "given their plain and ordinary meaning").

As the State argues, the EWC statute does not require a defendant know the victim's location. The evidence presented to the grand jury established defendant did not know where the victim resided. The State presented evidence to the grand jury that defendant asked the victim if she lived in Morrisville and

she responded, "no." Defendant later asked A.C. where she lived when he sent the messages and she did not respond. This evidence demonstrates "the result" of defendant's conduct was not "likely to occur only in [Pennsylvania]" as defendant asserts. See N.J.S.A. 2C:1-3(b). We therefore discern no error in the motion judge's conclusion that defendant knew his conduct could reach an individual in another jurisdiction because he communicated with A.C. via Facebook messenger, an online platform capable of reaching individuals across the country.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division